# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| KEVIN LEE DIXIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CV-23-TS |
| | ) | |
| CARLA KAY and SHANNON VANRYN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Kevin Lee Dixie, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 and an Application to Proceed in District Court Without Prepaying Fees or Costs (*in forma pauperis*) [ECF Nos. 1 & 2].

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to

pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether the Plaintiff may proceed *in forma pauperis*, the Court must look to the sufficiency of the Complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the authority under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, — F.3d —, No. 09-2998, 2011 WL 206155, at *7 (7th Cir. Jan. 25, 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). The Court notes that a "document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94(2007) (quotation marks and citations omitted).

The Plaintiff's Complaint alleges that Defendant Carla Kay is the property manager at the Edsall House where certain apartments have been set aside for emergency applications from disabled persons. The Plaintiff, who was seeking housing upon his recent move from

Indianapolis, met with Defendant Kay. She asked him a few questions about his disability, including the nature of his disability, and indicated that his housing should get approved shortly. However, a few weeks later, he received a letter from Defendant Kay that he was being denied housing because his previous landlord at Lincolnshire Apartments reported that he left his apartment without cleaning it. The Plaintiff maintains that this statement from his former landlord was false as he was escorted from the Lincolnshire Apartments by Anderson police after calling 911.

The Complaint identifies Defendant Shannon VanRyn as an investigator for the Metropolitan Human Relations Commission (MHRC). The Plaintiff met with Defendant VanRyn to lodge a complaint against Defendant Kay. The allegations in his Complaint suggest disagreement with the manner in which Defendant VanRyn dealt with his claim. He also states that she "talked about things a[n] Attorney talk to his or her Client's and knew Rights and [she] had a problem with Plaintiff from the start and . . . called telephone of Plaintiff repeat[ed]ly." (Pl.'s Compl. 7, ECF No. 1.)

The Plaintiff initiated this case on a form reserved for actions under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745–46 (7th Cir. 2010); *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The Plaintiff does not make any reference to § 1983, claim that the Defendants were acting under color of law, or identify the constitutional right or any federal law that he alleges the Defendants violated. However, documents from his MHRC matter, which the Plaintiff has attached to the Complaint,

4

address the Plaintiff's claims under the Fair Housing Act (FHA). The Court will address the Plaintiff's potential claims under this statute, which appears to provide a legal basis for relief that most closely fits the facts set forth in the Plaintiff's Complaint.

The FHA makes it unlawful "[t]o make . . . any . . . statement . . . with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination." 42 U.S.C. § 3604(c). To support a claim under this section of the FHA, the Plaintiff would need to present evidence that Defendant Kay (1) made a statement, (2) with respect to the sale or rental of a dwelling, and (3) that indicated a preference, limitation, or discrimination against him on the basis of his disability. *See White v. U.S. Dep't of Hous. & Dev.*, 475 F.3d 898, 904 (7th Cir. 2007). The Plaintiff's factual allegations do not raise a right to relief under this section above the speculative level. The Plaintiff alleges that he applied for one of the apartments at Edsall House that he believed was set aside for disabled tenants, and he offered social security insurance paperwork as proof of his disability. He states that Defendant Kay asked him about the "nature of" his disability. Without more, this vague assertion does not suggest that Defendant Kay conveyed anything that would cause an "ordinary listener" to believe that Defendant Kay would not desire to make an apartment available to the Plaintiff because of his handicap. *Id.*, 475 F.3d at 906 (stating that under the applicable objective standard, the challenged statement must suggest to an ordinary listener that a person with the protected status is preferred or disfavored for the housing in question). In fact, the Plaintiff alleges that Defendant Kay told him that she expected that he would be approved for housing shortly. (Pl.'s Comp. 3.) According to Seventh Circuit case law, the ordinary listener is neither

5

the most suspicious nor the most insensitive, *White*, 475 F.3d at 906, and the Plaintiff's claim requires a level of suspicion and sensitivity exceeding that of the ordinary listener. It cannot be reasonably inferred from the Plaintiff's Complaint that Defendant Kay made a statement with respect to the rental of an apartment at the Edsell House that indicated a preference, limitation, or discrimination based on handicap or an intention to make any such preference, limitation, or discrimination.

The Plaintiff also sues Defendant Kay because she declined to rent an apartment to him. The FHA makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of [ ] that buyer or renter." 42 U.S.C. § 3604(f)(1)(a)(A). The elements of housing discrimination follow closely the elements of a claim for employment discrimination. *Kormoczy v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, 53 F.3d 821, 823 (7th Cir. 1995). Here, the Plaintiff's factual assertions negate his claim. He alleges that Defendant Kay sent him a letter denying his application for the reason that the manager from Lincolnshire Apartments reported to Defendant Kay that he left a previous apartment without cleaning it. Thus he essentially pleads that a factor other than the Plaintiff's disability motivated Defendant Kay to deny his application. Although the Plaintiff alleges that the statement from the Lincolnshire manager was false, nothing in the Complaint suggests that Defendant Kay had any reason to think that it was an untrue statement, and thus nothing suggests that it was not the real reason that Defendant Kay found him unqualified to rent from the Edsall Apartments. Even considering the allegation regarding Defendant Kay's inquiry into the nature of his disability does not raise the possibility of relief above the speculative level. As stated above, Defendant Kay's inquiry about the nature of the Plaintiff's disability did not suggest any

6

preference, limitation, or discrimination based on the Plaintiff's handicap. According to the Complaint, Defendant Kay refused to make the Plaintiff an offer to rent for reasons that were unrelated to his handicap, and the Plaintiff has failed to state a plausible claim for housing discrimination.

The Plaintiff has also sued Defendant VanRyn, an investigator for the MHRC, claiming that she had unspecified problems with him. The Plaintiff has not pled any unlawful conduct by Defendant VanRyn, at least none that can be readily discerned on the face of the Complaint. The factual allegations do not put Defendant VanRyn on notice of what she may have done to violate the Plaintiff's rights, or even what rights the Plaintiff maintains that she may have violated. Thus, the Court finds that the allegations against Defendant VanRyn fail to meet the federal pleading requirements, and the Court will dismiss the claims against Defendant VanRyn for failing to state a claim upon which relief may be granted.

For the foregoing reasons, the Court DENIES the Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and DISMISSES the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on March 1, 2011.

                                          s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT